UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THE LEAGUE OF WOMEN VOTERS
OF FLORIDA, THE FLORIDA STATE
CONFERENCE OF NAACP BRANCHES,
DEMOCRACIA AHORA, SARAH
FOWLER, ROSANNE POTTER,
MICHAEL E. BERMAN, CHARLES
MAJOR, JR., and PATRICIA M. LENNY,

    Plaintiffs,

v.                                                Civil Action No.: 4:11-cv-10006-KMM

RICK SCOTT, in his official capacity
as Governor of the State of Florida;
and KURT BROWNING, in his official
capacity as Florida Secretary of
State,

    Defendants.
_____/

## MOTION TO DISMISS ACTION FOR
## LACK OF SUBJECT MATTER JURISDICTION

        Defendants, Rick Scott, Governor of the State of Florida, and Kurt Browning, Secretary of State of Florida (collectively "Defendants"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Local Rule 7.1, respectfully move to dismiss Plaintiffs' Complaint for Declaratory and Injunctive Relief (the "Complaint") (Doc. 1) for lack of subject matter jurisdiction. The gravamen of the Complaint is that Defendants violated section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c, by allegedly refusing to submit two amendments to the Florida Constitution relating to redistricting ("Amendments 5 and 6") to the United States Department of Justice ("DOJ") for preclearance. The relief Plaintiffs seek is an order of this Court compelling Defendants to cause the submission of the preclearance application.

On March 29, 2011, the Florida House of Representatives and Florida Senate (the "Florida Legislature") jointly submitted a comprehensive application seeking preclearance of Amendments 5 and 6 (the "Preclearance Application").[1]  Shortly thereafter, the Governor released a public statement applauding the Florida Legislature's action.[2]  Defendants have neither the ability nor the desire to withdraw the Preclearance Application.  Accordingly, the Florida Legislature's submission of the Preclearance Application has rendered this case moot.

I.  BACKGROUND

Plaintiffs have described their sole purpose in this action as to cause the "preclearance submission under Section 5 of the Voting Rights Act of 1965 . . . of Amendments 5 and 6, now Article III, Section 20 and Article III, Section 21 of the Florida Constitution."  Doc. 21, ¶ 1.  Without opposition from Plaintiffs, Defendants requested additional time to respond to the Complaint, to April 1, 2011, "because Defendants believe[d] in good faith that this matter may be resolved" without "the need for any exercise of this Court's jurisdiction."  Doc. 18.  Defendants based this representation on their belief that a preclearance application should and would be submitted irrespective of this action by an appropriate officer of the State of Florida on or before April 1, 2011.  The Florida Legislature agreed, determined itself to be the appropriate arm of the State to make the submission, and, on March 29, 2011, submitted the Preclearance Application.

---

[1] The Preclearance Application without exhibits, along with the Florida Legislature's joint statement publicizing the Preclearance Application, is attached hereto as Exhibit A.  The entire submission, which is many hundreds of pages long, is publicly available on the Florida House of Representatives' website at http://www.myfloridahouse.gov/Sections/Documents/loaddoc.aspx?DocumentType=Press Release&FileName=257.

[2] The Governor's statement is attached hereto as Exhibit B.

Plaintiffs do not dispute that the Preclearance Application meets the requirements for the relief they were seeking, and seek to maintain this action for the sole purpose of ensuring that the Florida Legislature does not withdraw its application before DOJ has issued a ruling. Doc. 21, ¶ 3. Defendants filed a joint response in opposition on March 31, 2011, noting Defendants' inability to withdraw a Preclearance Application submitted by a separate branch of government, their lack of desire to seek withdrawal of the application, and the relevant Eleventh Circuit precedent establishing the inapplicability under these facts of the voluntary cessation exception to the mootness doctrine. Doc. 23, at 2.

## II.     ARGUMENT

Article III of the Constitution limits the jurisdiction of federal courts to live "Cases" and "Controversies." U.S. Const. Art. III, § 2. The rule that federal courts may not decide moot cases derives from this jurisdictional limitation. *Sierra Club v. EPA*, 315 F.3d 1295, 1299 (11th Cir. 2002). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *BankWest, Inc. v. Baker*, 446 F.3d 1358, 1364 (11th Cir. 2006) (quotation omitted). An action that is moot "cannot be characterized" as an Article III case or controversy because "it no longer presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (citations and internal quotations omitted). Where, as here, "a lawsuit is mooted by subsequent developments, any decision a federal court might render on the merits of a case would constitute an advisory opinion." *National Advertising Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005). Because mootness is jurisdictional, "[d]ismissal of a moot case is required." *Sierra Club*, 315 F.3d at 1299.

Plaintiffs' Motion to Abate (Doc. 21) recognizes that the relief they had sought has been obtained, thus implicitly acknowledging that any decision by the Court at this point would be an impermissible advisory opinion. Accordingly, this case must be dismissed as moot. *Beta Upsilon Chi, Upsilon Chapter v. Machen*, 586 F.3d 908, 918 (11th Cir. 2009) (granting motion to dismiss "because the relief [plaintiff] sought has now been obtained"); *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998) (finding "it beyond dispute that a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined").

Although a limited exception to the mootness doctrine exists in certain circumstances where a defendant has voluntarily ceased conduct giving rise to a cause of action, that exception has no application here. A case is mooted, notwithstanding the voluntariness of a defendant's conduct, "when there is no reasonable expectation that the voluntarily ceased activity will, in fact, actually recur after the termination of the suit." *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1282 (11th Cir. 2004). Moreover, "government entities and officials have been given considerably more leeway than private parties in the presumption that they are unlikely to resume [challenged conduct]." *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328-29 (11th Cir. 2004). Where the defendant is a government actor, "there is a rebuttable presumption that the objectionable behavior will not recur." *Troiano*, 382 F.3d at 1283. Indeed, the "Supreme Court has held almost uniformly that [a government official's] cessation of the challenged behavior moots the suit." *Machen*, 586 F.3d at 917 (collecting cases).

Plaintiffs do not dispute that the relief they sought has been obtained. Amendments 5 and 6 have been submitted for preclearance. Doc. 21, ¶¶ 1-2; Doc. 21-1. Accordingly, Plaintiffs cannot avoid dismissal of their complaint without rebutting the presumption that Defendants will

4

not withdraw the Preclearance Application. This would be an impossible task even if *Defendants* had submitted the Preclearance Application. Defendants have not opposed its submission, and the Governor has publicly announced his support for it. But even if this were not the case, Plaintiffs cannot possibly show how maintaining an action against these Defendants could accomplish anything in light of the fact that the Florida Legislature submitted the application. Defendants lack the ability, even if they had the desire, to withdraw an application for preclearance submitted by the Florida Legislature. Thus the Complaint must be dismissed.

### III.     CONCLUSION

This action is moot. Plaintiffs have obtained the relief they sought. Defendants have neither the ability nor the desire to withdraw the Preclearance Application submitted by the Florida Legislature. For these reasons, Defendants' motion to dismiss should be granted.

WHEREFORE, Defendants respectfully request that the Court grant their motion and dismiss this action for lack of subject matter jurisdiction.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for all parties has been conferred with in a good faith effort to resolve the issues raised in this motion and no resolution was reached.

Respectfully submitted,

/s/Charles M. Trippe, Jr.
Charles M. Trippe, Jr.
Florida Bar No. 69760
General Counsel
Executive Office of the Governor
400 South Monroe Street, Room 209
Tallahassee, FL 32399-6536
(850) 488-3494 telephone

        (850) 922-0309 facsimile
charles.trippe@eog.myflorida.com
*Counsel for Defendant*
*Governor Rick Scott*

Ernest L. Reddick
Florida Bar No. 373400
Assistant General Counsel
Florida Department of State
R.A. Gray Building
500 South Bronough Street
Tallahassee, FL 32399-0250
(850) 245-6536 telephone
(850) 245-6127 facsimile
*Counsel for Defendant*
*Secretary of State Kurt S. Browning*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that the foregoing document was served by filing in this Court's CM/ECF system this 1st day of April, 2011, on all attorneys of record.

        /s/Charles M. Trippe, Jr.
        Attorney