IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-10006-CIV-MOORE

THE LEAGUE OF WOMEN VOTERS
OF FLORIDA, et al.,

      Plaintiffs,

vs.

RICK SCOTT, et al.,

      Defendants.
_____/

**ORDER GRANTING MOTION TO DISMISS; DISMISSING COMPLAINT AS MOOT**

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF No. 25). Plaintiffs[1] filed a Response in Opposition (ECF No. 27). Defendants filed a reply (ECF No. 28). This Motion is now fully briefed.

Plaintiffs filed the Complaint in this case on February 3, 2011 (ECF No. 1) seeking Declaratory and Injunctive Relief against Kurt Browning, in his official capacity as Florida Secretary of State, and Rick Scott, in his official capacity as Governor of the State of Florida. Plaintiffs allege that Defendants violated section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c (section 5), by refusing to submit two proposed amendments to the Florida Constitution to the United States Department of Justice ("DOJ"). Proposed Amendments 5 and 6 to the Florida Constitution relate to voter redistricting, and section 5 requires that such legislation receive preclearance from the DOJ. Plaintiffs sought a declaratory judgment stating that Amendments 5

---

[1] Plaintiffs are: The League of Women Voters of Florida, The Florida State Conference of NAACP Branches, Democracia Ahora, Sarah Fowler, Rosanne Potter, Michael E. Berman, Charles Major Jr., and Patricia M. Lenny.

and 6 were subject to the preclearance requirements of section 5, and an injunction compelling Defendants to submit Amendments 5 and 6 to the DOJ for preclearance.

On March 29, 2011, the Florida House of Representatives and Florida Senate jointly submitted an application to the DOJ seeking preclearance of Amendments 5 and 6. On April 1, 2011, Defendants filed a Motion to Dismiss for Lack of Jurisdiction (ECF No. 25) requesting that the Complaint be dismissed as moot because a justiciable case or controversy no longer exists. This Court agrees.

Article III of the Constitution limits the jurisdiction of federal courts to live "cases" and "controversies." U.S. Const. Art. III, § 2. The rule that federal courts may not decide moot cases derives from this jurisdictional limitation. Sierra Club v. EPA, 315 F.3d 1295, 1299 (11th Cir. 2002) (citing Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed." Id. (quoting Al Najjar, 273 F.3d at 1336).

Here, there is no longer a justiciable case or controversy because Amendments 5 and 6 have been submitted to the DOJ for preclearance by the Florida Legislature. As no case or controversy exists in which this Court can provide meaningful relief, the case must be dismissed as moot.

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (ECF No. 25) is GRANTED. It is further

Case No. 11-10006-CIV-MOORE

ORDERED AND ADJUDGED that Plaintiffs' Complaint For Declaratory and Injunctive Relief is DISMISSED AS MOOT. This case is CLOSED. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ day of April, 2011.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record